IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03138-BNB

JEREMY PINSON,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, and
CHARLES E. SAMUELS JR.,

    Defendants.

ORDER

    Plaintiff, Jeremy Pinson, is a prisoner in the custody of the United States Bureau of Prisons incarcerated at ADX in Florence, Colorado. At issue is the Motion to Transfer Case, ECF No. 6, that Plaintiff filed on December 11, 2013.

    Plaintiff originally filed this action in the United States District Court for the District of Columbia (District of Columbia). The District of Columbia, relying on *Zakiya v. United States*, 267 F. Supp.2d 47, 58 (D. D.C. 2003), acknowledged that defendants maintain offices in the District of Columbia but, because the effects of their decisions on Plaintiff did not occur in the District, found the action should be transferred to the district where Plaintiff is detained.

    Plaintiff does not argue that venue is improper in Colorado. His argument is that venue also may be proper in the District of Columbia because defendants are located there.

    Under 28 U.S.C. § 1404, a transfer of a case to a different federal court is within the sound judicial discretion of a trial judge. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Texas E. Transmission Corp. v. Marine Office-Appleton & Cox*

*Corp.*, 579 F.2d 561, 567 (10th Cir. 1978).  A party seeking a transfer bears the burden of showing that the existing forum is inconvenient.  *See Chrysler Credit Corp. V. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

The transferring of this case back to the District of Columbia is not in the interest of justice.  *See* 28 U.S.C. §1404(a).  Plaintiff's claims are related to the conditions of his confinement at ADX in Florence, Colorado.  Any policy issues raised by Plaintiff are sufficiently dealt with in this Court where venue is proper under 28 U.S.C. § 1391 and the case could have been initiated originally.  Nothing Plaintiff asserts shows that this Court is an inconvenient forum.   Plaintiff, therefore, fails to demonstrate that a transfer of this case under 28 U.S.C. § 1404 back to the District of Columbia is justified.  Accordingly, it is

ORDERED that Plaintiff's Motion to Transfer Case, ECF No. 6 is denied.

DATED December 12, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge